UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
CHARLES D. AUSTIN
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7810
MDD_CDAChambers@mdd.uscourts.gov

May 30, 2024

LETTER TO ALL COUNSEL OF RECORD

Re:   *Stacy C. v. Martin O'Malley, Commissioner, Social Security Administration*[1]
      Civil No. 23-1431-CDA

Dear Counsel:

On May 30, 2023, Plaintiff Stacy C. ("Plaintiff") petitioned this Court to review the Social Security Administration's ("SSA's" or "Commissioner's" or "Defendant's") final decision to deny Plaintiff's claim for Social Security benefits. ECF 1. This case was then referred to me with the parties' consent. *See* 28 U.S.C. § 636; Loc. R. 301 (D. Md. 2023). I have considered the record in this case (ECF 8) and the parties' briefs (ECFs 11, 13 & 14). I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2023). This Court must uphold the decision of the SSA if it is supported by substantial evidence and if the SSA employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will AFFIRM the Commissioner's decision. This letter explains why.

I.   **PROCEDURAL BACKGROUND**

Plaintiff filed a Title XVI application for Supplemental Security Income ("SSI") benefits on February 27, 2018, alleging a disability onset of January 1, 2018. Tr. 134-43. Plaintiff's claims were denied initially and on reconsideration. Tr. 95-98, 106-12. On October 23, 2019, an Administrative Law Judge ("ALJ") held a hearing. Tr. 36-64. Following the hearing, on November 13, 2019, the ALJ determined that Plaintiff was not disabled within the meaning of the Social Security Act[2] during the relevant time frame. Tr. 18-35. The Appeals Council denied Plaintiff's request for review of the decision. Tr. 9-14. Plaintiff then petitioned this Court for review, and on March 17, 2022, this Court remanded the case to the Commissioner. Tr. 593-605. The Appeals Council, on June 2, 2022, vacated the unfavorable decision and remanded the case to a different ALJ for further proceedings. Tr. 607-11. On March 8, 2023, the new ALJ heard Plaintiff's case and determined, on March 27, 2023, that Plaintiff was not disabled within the meaning of the Social Security Act. Tr. 473-96. That decision constitutes the final, reviewable

---

[1] Plaintiff filed this case against Kilolo Kijakazi, the Acting Commissioner of Social Security, on May 30, 2023. ECF 1. Martin O'Malley became the Commissioner of Social Security on December 20, 2023. Accordingly, Commissioner O'Malley has been substituted as this case's Defendant pursuant to Federal Rule of Civil Procedure 25(d). *See* Fed. R. Civ. P. 25(d).

[2] 42 U.S.C. §§ 301 et seq.

decision of the SSA. *Sims v. Apfel*, 530 U.S. 103, 106–07 (2000); *see also* 20 C.F.R. § 422.210(a).

### THE ALJ'S DECISION

Under the Social Security Act, disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. §§ 404.1505(a), 416.905(a). The ALJ is required to evaluate a claimant's disability determination using a five-step sequential evaluation process. *See* 20 C.F.R. §§ 404.1520, 416.920. "Under this process, an ALJ evaluates, in sequence, whether the claimant: '(1) worked during the alleged period of disability; (2) had a severe impairment; (3) had an impairment that met or equaled the requirements of a listed impairment; (4) could return to [their] past relevant work; and (5) if not, could perform any other work in the national economy.'" *Kiser v. Saul*, 821 F. App'x 211, 212 (4th Cir. 2020) (citation omitted) (quoting *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012)).

Here, at step one, the ALJ determined that Plaintiff did not engage in "substantial gainful activity since February 27, 2018, the application date[.]" Tr. 479. At step two, the ALJ found that Plaintiff suffered from the severe impairments of "attention deficit hyperactivity disorder (ADHD), personality disorder, and anxiety disorder[.]" Tr. 479. The ALJ also determined that Plaintiff suffered from the non-severe impairments of scoliosis and obesity, and considered all impairments, including those non-severe when assessing Plaintiff's residual functioning capacity ("RFC"). Tr. 479. At step three, the ALJ determined that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1." Tr. 479. Despite these impairments, the ALJ determined that Plaintiff retained the RFC to:

> perform a full range of work at all exertional levels but with the following non-exertional limitations: the ability to understand, remember and carry out simple, routine and repetitive instructions in two-hour increments in order to complete an eight-hour workday, in a stable work environment, which is defined as having only occasional changes in a routine work setting.

Tr. 482. The ALJ determined that Plaintiff had no past relevant work, Tr. 487, but considered Plaintiff's age, education, and RFC, when determining that there were jobs that existed in significant numbers in the national economy that Plaintiff could perform. Tr. 487. Therefore, the ALJ concluded that Plaintiff was not disabled. Tr. 489.

### II. LEGAL STANDARD

The scope of the Court's review is limited to determining whether substantial evidence supports the ALJ's factual findings and whether the decision was reached through the application of the correct legal standards. *See Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). "The findings of the [ALJ] . . . as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). Substantial evidence is "evidence which a reasoning mind would accept

as sufficient to support a particular conclusion." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966). It is "more than a mere scintilla . . . and somewhat less than a preponderance." *Id.* In conducting the "substantial evidence" inquiry, my review is limited to whether the ALJ analyzed the relevant evidence and sufficiently explained their findings and rationale in crediting the evidence. *See, e.g.*, *Sterling Smokeless Coal Co. v. Akers*, 131 F.3d 438, 439–40 (4th Cir. 1997); *DeLoatche v. Heckler*, 715 F.2d 148, 150 (4th Cir. 1983) ("Judicial review of an administrative decision is impossible without an adequate explanation of that decision by the [ALJ].").

### III. ANALYSIS

Plaintiff argues that the ALJ's decision failed to comply with *Mascio v. Colvin*, 780 F.3d 632 (4th Cir. 2015). ECF 11, at 7. Specifically, Plaintiff avers that, after having determined at step three that Plaintiff had a moderate CPP limitation, the ALJ failed to either include a "corresponding limitation in [the] RFC assessment or explain why no such limitation is necessary." ECF 11, at 9. Defendant counters that substantial evidence supports the ALJ's RFC determination. ECF 13, at 6. In doing so, Defendant deems Plaintiff's "reli[ance] on the proposition that the ALJ's RFC categorically did not account for her moderation limitations in [CPP]" unpersuasive due to the Fourth Circuit's holding "that there is no categorical rule about the specific limitations required for a claimant with a moderate rating in any particular area of mental functioning." ECF 13, at 6 (citation omitted).

When a claimant possesses a mental impairment, an ALJ is required to make "'a specific finding as to the degree of limitation in each of' the four areas of functional limitation listed in [20 C.F.R.] § 404.1520a(c)(3)." *Patterson v. Comm'r of Soc. Sec. Admin.*, 846 F.3d 656, 659 (4th Cir. 2017) (quoting 20 C.F.R. § 404.1520a(e)(4)). One of these four areas, CPP, concerns "the abilit[y] to focus attention on activities and stay on task age-appropriately." 20 C.F.R. pt. 404, subpt. P, app. 1 § 12.00(E)(3). A "moderate" limitation in CPP means that a claimant's ability to sustain CPP "independently, appropriately, effectively, and on a sustained basis is fair." *Id.* § 12.00(F)(2)(c).

Specific to a limitation in the functional area of CPP, an ALJ must then expressly account for such limitation, or explain why no limitation exists, in the function-by-function analysis. *Mascio*, 780 F. 3d at 638; *Shinaberry*, 952 F.3d at 121. An ALJ may not account for a claimant's moderate CPP limitations by restricting the RFC to simple, routine tasks or unskilled work without explaining why such provisions adequately address the claimant's CPP limitations. *See Mascio*, 780 F.3d at 638; *Shinaberry*, 952 F.3d at 121-22. However, an ALJ may accommodate a claimant's moderate CPP limitations by assigning persuasive value to a medical opinion that "provide[s] substantial support for" the ALJ's CPP-related RFC provisions. *Sizemore v. Berryhill*, 878 F.3d 72, 81 (4th Cir. 2017).

The Fourth Circuit clarified *Mascio* in the subsequent decision *Shinaberry*, which rejected "a categorical rule that requires an ALJ to always include moderate limitations in concentration, persistence, or pace as a specific limitation in the RFC." 952 F.3d at 121. "On the contrary," the Court affirmed that remand is not required when an "'ALJ can explain why [a claimant's] moderate limitation in CPP at step three does not translate into a limitation' in the claimant's RFC." *Id.*

Stacy C. v. O'Malley
Civil No. 23-1431-CDA
May 30, 2024
Page 4

(quoting *Mascio*, 780 F.3d at 638). Though the ALJ in *Shinaberry* did not include a limitation in the RFC that corresponded with the claimant's moderate CPP limitation, the Fourth Circuit found remand improper because the ALJ sufficiently explained that the claimant's moderate CPP limitation, which stemmed from a "lifelong, borderline intellectual disability," did not affect her ability to work as she had maintained a 20-year work history despite suffering the limitation. *Id.* at 122. Thus, post-*Mascio* and its progeny, "an ALJ may account for a moderate CPP limitation with an RFC determination that a claimant can complete simple, routine tasks provided the conclusion is supported by substantial evidence." *Terri S. v. Kijakazi*, No. DLB-19-3607, 2021 WL 5395960, at *2 (D. Md. Nov. 18, 2021) (citing *Sizemore v. Berryhill*, 878F.3d 72, 80-81 (4th Cir. 2017) and *Shinaberry*, 952 F.3d at 121-22).

      Here, at step three, the ALJ observed that in Plaintiff's function report she indicated she could perform "independent personal care [including] showering, preparing simple meals, using a microwave, cleaning, vacuuming, doing laundry, reading books, watching TV and YouTube, playing games on the computer, walking, being able to pay bills, count change, handle a savings account and use a checkbook and money orders, bowling in a league with family, and working part time at McDonalds[.]" Tr. 481. The ALJ included Plaintiff's testimony that she lives alone, performs household chores, washes dishes, reads articles on her phone, and works at McDonald's doing janitorial work including cleaning and washing dishes. Tr. 481. However, a "psychological evaluation noted that [Plaintiff] exhibited an ability to sustain attention and concentration in the extremely low range, as measured by the Working Memory Index[.]" Tr. 481. Plaintiff also "demonstrated difficulty making decisions without an excessive amount of advice and reassurance from others[.]" Tr. 481. The medical evidence showed that Plaintiff "generally did not complain to treating physicians of serious difficulty maintaining [CPP]. Mental status psychiatric examination results showed [Plaintiff] had no serious problems." Tr. 481. The ALJ concluded that Plaintiff had a moderate limitation in CPP based on these reports and because her daily reported tasks required "some concentration and persistence." Tr. 481. In assessing the RFC, the ALJ limited Plaintiff to having the "ability to understand, remember and carry out simple, routine and repetitive instructions in two-hour increments in order to complete an eight-hour workday, in a stable work environment, which is defined as having only occasional changes in a routine work setting." Tr. 482.

      Plaintiff correctly observes that the ALJ "must either include a corresponding limitation in the RFC assessment or explain why no such limitation is necessary." ECF 11, at 9. Contrary to Plaintiff's assertion that "the ALJ failed to address" Plaintiff's moderate limitation in CPP, the Court finds that the ALJ provided substantial evidence for the Court to review and did not commit harmful error at step three. ECF 11, at 12. The ALJ's in-depth review of the record, robust narration of Plaintiff's mental health records, and reliance on multiple state agency psychologists' opinions when crafting the RFC laid ample support for the CPP limitations imposed here.

      First, the ALJ reviewed the evidence, establishing a proper record to review. Throughout the timeframe reviewed by the ALJ, Plaintiff presented with various mental symptoms of "sleep disturbance, concentration difficulties, fatigue, irritability, frustration, and anger[.]" Tr. 483. The ALJ also noted that during the period at issue, Plaintiff's psychiatric examinations were most often

unremarkable. *See* Tr. 483-84 (listing unremarkable mental and psychiatric exams for all visits in May 2018, July 2018, November 2018, October 2019, March 2020, June 2021, and July 2023). Despite Plaintiff's subjective complaints, these exams also revealed "alertness, orientation, appropriate eye contact[,] mood[,] affect, logical and goal oriented thoughts, [] normal speech, insight, and judgement." Tr. 484. The ALJ found that Plaintiff had psychiatric limitations regarding her ability to perform work-related activities yet was able to perform work at all exertional levels, a conclusion supported with the "assessments of the State agency psychological consultants . . . ." Tr. 487.

The ALJ assigned persuasive value to both state psychologists' medical opinion. Tr. 484. On July 25, 2018, John Gavazzi, Ph.D. provided a medical opinion which Howard S. Leizer, Ph.D. later reconfirmed on January 4, 2019. Tr. 74, 92. Both psychologists found that Plaintiff had "decreased concentration, anxiety, and interpersonal struggles." Tr. 74. Regarding CPP, the psychologists agreed that she was moderately limited in the ability to carry out detailed instructions but not significantly limited in any of the other CPP categories. Tr. 74, 91. The psychologists determined Plaintiff could be punctual, "understand, retain, and follow simple job instructions, perform simple, routine, repetitive tests in a stable environment, make simple decisions, maintain regular attendance, and carry out very short and simple instructions[.]" Tr. 484. These psychologists based their opinions on (1) the fact that Plaintiff had "no hospitalizations due to mental impairments, no psychotropic medication, and no psychotherapy, and that she was able to perform her activities of daily living" and (2) her scoring during the WAIS IV[3] testing, which "indicated that she had relatively well developed recall when controlling for her initial level of recall of story details." Tr. 87, 484. Dr. Leizer found that Plaintiff could get ready for work (with transportation provided by her grandmother), had no problem with personal care, used an alarm clock to set reminders to take medications, cooked frozen dinners, performed laundry and vacuuming, could read, watch television, and liked to bowl. Tr. 87. The ALJ deemed these opinions persuasive because they were consistent with the rest of the evidence in the record. For example, Plaintiff "demonstrated appropriate eye contact and mood and affect, logical and goal-oriented thoughts, and normal speech, insight, and judgements[.]" Tr. 484.

An ALJ adequately accounts for a Plaintiff's moderate CPP limitations by assigning persuasive value to a source's opinion regarding those limitations and adopting the source's opined limitations into the RFC. *See Sizemore*, 878 F.3d at 80-81 (affirming an ALJ's decision where: (1) the ALJ adopted, without explanation, certain RFC limitations suggested in a medical opinion that provided "detailed findings" on a claimant's "sustained concentration and persistence limitations" and (2) the ALJ assigned persuasive value to the opinion). Accordingly, the Court finds that the opinions of Drs. Gavazzi and Leizer "provided substantial support" for the RFC assessed in this case and the ALJ's adoption of such permits meaningful review. *Id.* at 81; *see also Onishea v. Barnhart*, 116 F. App'x 1, 2 (5th Cir. 2004) ("The ALJ based his assessment of [the claimant's] RFC, in part, on the state examiner's function-by-function analysis[.] Thus, the ALJ employed the legal standard set forth in . . . SSR 96–8p in determining [the claimant's] RFC.").

---

[3] Wechsler Adult Intelligence Scale, Fourth Edition.

Furthermore, Plaintiff's argument that the ALJ ran afoul of *Mascio* falls short. In *Mascio*, the ALJ found that the claimant, who suffered from an adjustment disorder, had moderate CPP limitations. But unlike here, the ALJ "ignor[ed] (without explanation) Mascio's moderate limitation in her ability to maintain [CPP]" when he conducted the function-by-function analysis. 780 F.3d at 633. "[B]ecause the ALJ . . . gave no explanation" for these omissions, "a remand [was] in order." *Id*. at 638. *See Shinaberry*, 952 F.3d at 121 (affirming the ALJ's decision when the ALJ "sufficiently explained why the mental limitation to simple, routine, repetitive tasks accounted for [the claimant's mental] disability and her moderate limitations in [CPP]").

In sum, the Court finds the ALJ's decision rested upon substantial evidence and reflected a robust examination of Plaintiff's record when determining the RFC. Additionally, Plaintiff identifies no harmful error resulting from the ALJ's failure to provide a narrative discussion explaining the RFC's accommodation of Plaintiff's CPP limitations. *See generally* ECF 11. Nor does Plaintiff identify any RFC provisions that the ALJ should have included in lieu of the provision at issue in this case. *See generally id.* Therefore, Plaintiff has not met their burden of proof. *See Hancock*, 667 F.3d at 472 ("The claimant has the burden of production and proof in Steps 1–4."). Accordingly, remand is unwarranted because the Court's review is not "frustrate[d]" by the alleged "inadequacies in the ALJ's analysis[.]" *Mascio*, 780 F.3d at 636. For the reasons stated above, a meaningful review is possible and yields no reversible error.

## IV. CONCLUSION

For the reasons set forth herein, pursuant to sentence four of 42 U.S.C. § 405(g), the SSA's judgment is AFFIRMED. The clerk is directed to CLOSE this case. Despite the informal nature of this letter, it should be flagged as a Memorandum Opinion. A separate implementing Order follows.

Sincerely,

/s/

Charles D. Austin
United States Magistrate Judge