# UNITED STATES DISTRICT COURT
# DISTRICT OF MARYLAND

CHAMBERS OF
CHARLES D. AUSTIN
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7810
MDD_CDAChambers@mdd.uscourts.gov

September 4, 2026

LETTER TO ALL COUNSEL OF RECORD

Re: *Stacy C. v. Frank Bisignano, Commissioner, Social Security Administration*[1]
Civil No. 23-1431-CDA

Dear Counsel:

Pursuant to Local Rule 105.10, Stacy C. ("Plaintiff") filed a Motion for Reconsideration ("Motion") of the Court's May 30, 2024 Memorandum Opinion and Order (the "May 30, 2024 Decision"), which affirmed the Social Security Administration's ("SSA's" or "Defendant's" or "Commissioner's") decision and closed this case. *See* ECFs 15, 17. Defendant filed a response. *See* ECF 19. No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2025). For the reasons explained below, the Court will DENY Plaintiff's Motion for Reconsideration.

The Court's review of an ALJ's decision is limited to determining whether substantial evidence supports the ALJ's findings, *see* 42 U.S.C. § 405(g), and whether the ALJ properly applied the relevant legal standards, *see Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). When deciding whether to reconsider, under Local Rule 105.10, the Court uses the standard relevant to motions for reconsideration brought under Federal Rule 59(e). *See Crocetti v. Comm'r, Soc. Sec. Admin.*, No. SAG-17-1122, 2018 WL 3973074, at *1 (D. Md. Aug. 1, 2018). Under 59(e), the Court may amend a prior decision if: (1) there has been an intervening change of controlling law; (2) new evidence has become available; or (3) "there has been a clear error of law or a manifest injustice." *Robinson v. Wix Filtration Corp. LLC*, 599 F.3d 403, 407 (4th Cir. 2010). "The grounds for reconsideration are purposefully narrow to prevent the motion from being used to ask the Court to rethink what the Court had already thought through—rightly or wrongly." *Crocetti*, 2018 WL 3973074, at *1 (internal quotation marks and citation omitted). "Rule 59(e) motions may not be used, however, to raise arguments which could have been raised prior to the issuance of the judgment, nor may they be used to argue a case under a novel legal theory that the party had the ability to address in the first instance." *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998) (collecting cases). The first two criteria are inapplicable here, and Plaintiff fails to satisfy the third criteria.

Plaintiff contends that reconsideration is warranted because the Court's May 30, 2024

---

[1] Plaintiff filed this case against Kilolo Kijakazi, the Acting Commissioner of Social Security, on May 30, 2023. ECF 1. Frank Bisignano became the Commissioner of Social Security on May 7, 2025. Accordingly, Commissioner Bisignano has been substituted as this case's Defendant pursuant to Federal Rule of Civil Procedure 25(d). *See* Fed. R. Civ. P. 25(d).

Decision "contains manifest errors of both law and fact" when it noted that the Court imposed an additional burden on Plaintiff that is reserved solely for the Commissioner. ECF 17, at 2. Next, Plaintiff maintains that the ALJ did not properly include a CPP limitation in Plaintiff's RFC, necessitating remand. ECF 17, at 7-10. Plaintiff also argues that the ALJ's reliance on the two state psychologists' opinions does not explain the reasons for omitting a pace limitation. ECF 17, at 5-6. Defendant counters that reconsideration is improper because Plaintiff's "motion improperly attempts to relitigate the issue this Court previously decided and [] failed to demonstrate that there is any basis for amending the Court's [May 30, 2024] order." ECF 19, at 1.

Plaintiff cites *McLain v. Schweiker*, 715 F.2d 866 (4th Cir. 1983), to support their contention that this Court improperly increased her burden. ECF 17, at 4. *McLain* held that "[i]n order to establish a prima facie case of disability, all that a claimant must ordinarily show is his inability to perform his past specific relevant jobs." *McLain*, 715 F.2d at 869. The May 30, 2024 Decision, in referencing Plaintiff's burden, referred to Plaintiff's burden to prove harmful error. In other words, Plaintiff did not suggest how the RFC might have better accommodated her impairments nor identified further evidence suggesting that any additional RFC limitation was appropriate. As such, it remains Plaintiff's burden to articulate why this failure warrants remand. *See Shinseki v. Sanders*, 556 U.S. 396, 409 (2009) ("[T]he burden of showing that an error is harmful normally falls upon the party attacking the agency's determination."); *see also Smith v. Colvin*, No. TMD-15-1694, 2016 WL 5147195, at *10 (D. Md. 20, 2016) (finding harmless error where the claimant failed to demonstrate how the result would have changed had the ALJ properly addressed the claimant's cognitive difficulties in the RFC analysis); *Pass v. Chater*, 65 F.3d 1200, 1203 (4th Cir. 1995) (finding that the applicant bears the burden of production and of proof during the first four steps of the inquiry). Plaintiff has not met this burden. He neither suggests how the RFC might have better accommodated his impairments nor identifies further evidence suggesting that any additional RFC limitation was appropriate. As such, Plaintiff's first argument is unavailing.

Second, Plaintiff contends that the Court should reconsider its decision because the ALJ failed to accommodate Plaintiff's moderate CPP limitation. *See* ECF 17, at 5-10. Plaintiff, for several pages, argues that the RFC restriction "does not suffice as a CPP limitation[.]" ECF 17, at 7. Plaintiff is asking this Court to rethink what it already considered, which is not permitted. *Crocetti*, 2018 WL 3973074, at *1. As explained in the May 30, 2024 Decision, the ALJ relied on the opinions of two medical sources in crafting the RFC; in doing so, the ALJ's decision supported the determined limitations and enabled the Court to perform meaningful review. The state agency psychologists found that although Plaintiff "had decreased concentration, anxiety, and interpersonal struggles" the medical sources determined that Plaintiff "could be punctual, understand, retain, and follow simple decisions, maintain regular attendance, and carry out very short and simple instructions." May 30, 2024 Decision, at 5 (citation omitted).

Plaintiff avers that because the ALJ did not fully adopt the CPP limitations suggested by state agency psychological consultants into the RFC, this Court erred in affirming. ECF 17, at 6. "But even if an ALJ finds an opinion to be persuasive or very persuasive, the ALJ is not required to adopt all of [the medical source's] opinion solely because [he/she] found the opinion as a whole

persuasive." *Benson v. Kijakazi*, No. 21-1345, 2022 WL 17406051, at *1 n.1 (W.D. Pa. Dec. 2, 2022) (internal quotation marks and citation omitted) (alterations in original).

At bottom, Plaintiff asks the Court to "rethink what the Court had already thought through–rightly or wrongly," which is an improper basis for reconsideration. *Crocetti*, 2018 WL 3973074, at *1 (internal quotation marks and citation omitted). Plaintiff's position fails to demonstrate that "there has been a clear error of law or a manifest injustice." *Robinson*, 599 F.3d at 407.

For the foregoing reasons, Plaintiff's Motion for Reconsideration, ECF 17, is DENIED. Despite the informal nature of this letter, it should be flagged as a Memorandum Opinion and docketed as an Order.

Sincerely,

/s/

Charles D. Austin
United States Magistrate Judge